CREAMETTE COMPANY, Appellant,

v.

Joseph MERLINO, d/b/a Major Italian
Foods Company, Appellee.

No. 17262.

United States Court of Appeals
Ninth Circuit.

April 13, 1961.

Arthur S. Caine, and Donald V. Bailey,
Minneapolis, Minn., for appellant.

Ferguson & Burdell and Edward Hilpert, Jr., Seattle, Wash., for appellee.

Before POPE, HAMLIN and MERRILL, Circuit Judges.

PER CURIAM.

The appellant, plaintiff below, brought an action against the appellee claiming trade mark infringement and unfair competition on the part of the defendant who, like the plaintiff, was a manufacturer of macaroni products. Injunctive relief was sought. This relief was denied in part because of the trial court's finding that because of the packaging of defendant's products in certain bags of certain colors, there was a distinct dissimilarity between defendant's product and that of the plaintiff which prevented the probability of confusion on the part of purchasers, and called for holding that defendant was not chargeable with unfair competition.

The appellant also asks us to permit the record here to be supplemented by a tendered showing that in consequence of a consent judgment entered in a similar action brought by another plaintiff against the defendant herein in the same district court on the 29th day of December, 1960, which was subsequent to the judgment in the district court in this case, and upon the very day upon which appeal was taken herein to this court, provision

was made for the defendant thereafter to market its product in a differently colored package than that shown to have been used by defendant at the time of hearing this case in the court below.

Appellant bases its motion upon Rule 60(b) (2) of Federal Rules of Civil Procedure, 28 U.S.C.A., which contains provisions for relieving a party from final judgment by reason of newly discovered evidence. We assume that had this prospective change of plans in packaging been known to the trial court in this case at the time the decree was entered herein it might have formed the basis for a grant of an injunction against that prospective use or it might have induced the trial court to make different findings.

The question before us now is whether Rule 60(b) (2) contemplates that newly discovered matters such as now here present may properly be brought to the attention of the trial court after its judgment, and also whether such matters may be availed of after appeal from the judgment to this court.

 It is clear that if such matters may properly be considered in a case of this kind they should initially be called to the attention of the trial court. To add them to the present record on appeal in this court would hardly be appropriate in view of the fact that our action on appeal can properly be based only upon a record considered by the trial court. It would be inappropriate for us to reverse the trial court on the basis of facts not incorporated in the record which the trial court considered at the time of its decision.

██ In a very recent case before this court, Greear v. Greear, 288 F.2d 466, this court had occasion to indicate the proper procedure to be adopted so as to enable a district court to entertain a motion made under Rule 60 while an appeal was pending. See also the cases there cited and Herring v. Kennedy-Herring Hardware Company, 6 Cir., 261 F.2d 202. While that case dealt with a motion made under another subdivision of Rule 60, we think the circumstances of the case now before us are such that we ought to follow the procedure there indicated which was that the appellant should file its Rule 60(b) motion in the district court and then if that court indicates that it will grant the motion if remand is made for that purpose, appellant should move in this court for a remand to permit the district court to grant the relief sought.

Accordingly, It Is Ordered that appellant may, notwithstanding the pendency of the present appeal, present to the district court its application for an order of that court directing or indicating that it will entertain a motion under Rule 60(b) (2) providing this court makes a remand of the case for that purpose. Should the court so order, then a supplemental record showing such proceedings may be filed in this court. If the district court refuses to make such order indicating it will entertain such motion, the appellant may appeal therefrom and appellee may appeal from an order of the district court granting relief under said motion, and any such appeals may be consolidated with the pending appeal.

The motion to remand is therefore denied without prejudice to the renewal thereof as above indicated. In the event a motion under rule 60(b) is filed in the district court within ten days, the time within which appellant may designate the portions of the record to be printed, as provided in rule 17, subd. 6 of this court, 28 U.S.C.A., is extended to ten days after receipt by this court of a supplemental transcript recording the action of the district court in granting or denying such rule 60(b) motion.