**In re COLEMAN AMERICAN COMPANIES, INC. and American Properties, Inc., a Subsidiary of Coleman American Companies, Inc., Debtors.**

**The LITTLETON NATIONAL BANK, Plaintiff,**

v.

**COLEMAN AMERICAN COMPANIES, INC. and American Properties, Inc., a Subsidiary of Coleman American Companies, Inc., Defendants.**

**No. 80 C 1466.**

United States Bankruptcy Court, D. Colorado.

Nov. 12, 1980.

See also, Bkrtcy., 6 B.R. 915.

John J. Gaudio, for plaintiff.

Claude L. Rice and Eileen Hiney, for debtors.

PATRICIA ANN CLARK, Bankruptcy Judge.

### FINDINGS, CONCLUSIONS, AND ORDERS ON APPLICATION FOR LEAVE TO APPEAL

The matter before the Court is the Application for Leave to Appeal of the Debtor–Defendants, Coleman American Companies, Inc., and American Properties, Inc. They are seeking leave to appeal to the United States District Court for the District of Colorado an Order entered by this Court denying their Motion to Dismiss for lack of jurisdiction.

The facts are as follows. On July 16, 1980, the plaintiff, The Littleton National Bank, served a summons and complaint for relief from stay on the Debtors. On July 31, 1980, the Debtors filed their motion to dismiss the complaint claiming this Court lacked jurisdiction over the proceeding. The Court denied the Debtors' motion by an Order entered on September 26, 1980, 6 B.R. 251, on October 14, 1980, the Debtors filed a Motion for Reconsideration of the Court's September 26 Order which Motion for Reconsideration was, on October 15, 1980, also denied. Finally, on October 27, 1980, the Debtors filed in this Court their Application for Leave to Appeal now at issue.

The Court's September 26, 1980, Order denying the motion to dismiss was interlocutory. *Sulmeyer v. Pfohlman*, 329 F.2d 915 (9th Cir. 1967) and Wright, Miller, Cooper and Gressman, *Federal Practice and Procedure*: Jurisdiction § 3931. 28 U.S.C. § 1334(a) and (b) is applicable during the transition period from October 1, 1979, until March 31, 1984. Act Nov. 6, 1978, P.L. 95–598, Title IV, § 405(c)(2), 92 Stat. 2686. That section provides:

§ 1334. *Bankruptcy appeals*

(a) The district courts for districts for which panels have not been ordered appointed under section 160 of this title [28 USCS § 160] shall have jurisdiction of appeals from all final judgments, orders, and decrees of bankruptcy courts.

(b) The district courts for such districts shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken.

The Interim Bankruptcy Rules have been adopted by this Court. Interim Rule 8004(a) provides:

(a) *Application for Leave to Appeal.* Leave to appeal under 28 U.S.C. § 1334(b) or § 1482(b) shall be sought by filing an application for leave with the clerk of the court to which the appeal is addressed within the time provided by Rule 802 for filing a notice of appeal, with proof of service by the applicant in accordance with Rule 804. A notice of appeal need not be filed.

The statute and the rule clearly provide that an interlocutory order may only be appealed by leave of the *district* court and by the filing of an application for leave with the clerk of that court. Consequently, the filing of the application with the bankruptcy court is a nullity and the application must therefore be dismissed.

It might be argued that Interim Rule 8004(d) is apt. That rule provides:

(d) *Appeal Improperly Taken Regarded as an Application for Leave to Appeal.* If a timely notice of appeal is filed where the proper mode of proceeding is by an application for leave to appeal under this rule, the notice of appeal shall be deemed a timely and proper application for leave to appeal. The appellate court may enter an order either granting or denying leave to appeal or directing that an application for leave to appeal be filed. Unless the appellate court fixes another time in its order directing that an application for leave to appeal be filed, the application shall be filed within 10 days of entry of the appellate court's order.

However, no notice of appeal has been filed by the Debtors. They proceeded by the proper mode by filing an Application for Leave to Appeal. There was no error in the type of pleading filed. There was no confusion by the Debtors of the interlocutory or final nature of the Court's Order denying their motion to dismiss, which confusion Rule 8004(d) is designed to remedy. Simply, the place of filing of the proper pleading, the Application, was improper. Interim Rule 8004(d) is inapposite.

■ Assuming arguendo that the filing of the Application in this Court was appropriate, still, Interim Rule 8004(a) requires it to be filed "[W]ithin the time provided by Rule 802 for filing a notice of appeal (Interim Rule 8004(a))." Rule 802 provides in pertinent part:

(a) *Ten–Day Period.* The notice of appeal shall be filed with the [bankruptcy court] within 10 days of the date of the entry of the judgment or order appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.

(b) *Effect of Motion on Time for Appeal.* The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed with the [bankruptcy court] by any party pursuant to the rules hereafter enumerated in this subdivision. The full time for appeal fixed by this rule commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: (1) granting or denying a motion for judgment notwithstanding the verdict under Rule 115(b)(4); (2) granting or denying a motion under Rule 752(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) granting or denying a motion under Rule 923 to alter or amend the judgment; or (4) denying a motion for a new trial under Rule 923. (inserts added)

The Court's Order denying the Debtors' motion to dismiss was entered on September 26, 1980. The last day for filing a notice of appeal or an Application for Leave to Appeal was October 6, 1980, unless the running of the 10 days was terminated by the filing, within the 10–day period, of a motion of the kind contemplated in subsection (b) of Rule 802. The Debtors did file a Motion for Reconsideration pursuant to Rule 923 but not until October 14, 1980, beyond the 10–day limit. The time for filing a notice of appeal had expired by the time the Motion for Reconsideration was filed. Consequently, on October 15, 1980, the Court denied the Debtors' Motion for Reconsidera-

tion. Even if properly filed in this Court, because the time for filing a notice of appeal had run by October 6, 1980, without any motion of the kind contemplated by Rule 802(b) having been filed, the Debtors' Application for Leave to Appeal was not timely.

■■■ Rule 923 of the Rules of Bankruptcy Procedure provides:

Except as provided in Rule 307, Rule 59 of the Federal Rules of Civil Procedure applies in bankruptcy cases.

The portions of Federal Rule of Civil Procedure 59 applicable to Rule 802(b)(3) and (4) are subdivisions (b) and (e) which provide:

(b) *Time for Motion.* A motion for a new trial shall be served not later than 10 days after the entry of the judgment.

.    .    .    .    .

(e) *Motion to Alter or Amend a Judgment.* A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment. As amended Dec. 27, 1946, eff. March 19, 1948; Feb. 28, 1966, eff. July 1, 1966. (footnotes omitted)

Based upon that rule, it might be argued that the Debtors' Motion for Reconsideration had only to be served rather than filed with the Court by October 6, 1980. Service under Federal Rules of Civil Procedure 59 and Rule 923 may be by mail (Federal Rule of Civil Procedure 5 and Rule 705(a) of the Rules of Bankruptcy Procedure). The Debtors' certificate of mailing reflects that they mailed the Motion for Reconsideration on October 6, 1980, within the 10 days prescribed by Rule 802. The court has been unable to find any cases concerning this apparent conflict between Rules 802(b) and 923. It is stated at 13 *Collier on Bankruptcy*, 14th ed., ¶ 802.06[3], only that:

Note that while subdivisions (b) and (e) here quoted used the word "served," they must be read in conjunction with the requirement in the first sentence of Rule 802(b) that the motion be *filed* with the Referee.

The Advisory Committee Notes to Rule 802 state clearly that:

In order to be timely a motion ... must [under Rule 802(b)] be *filed* not later than 10 days after entry of the judgment or order appealed from (insert and emphasis added).

Further, Rule 808 requires parties to "serve and file" briefs in certain instances, thereby indicating the rules drafters' intention to distinguish those two words. A motion under Rule 802(b) must be timely filed with the Court and timely service is not adequate. The Debtors' motion for reconsideration was not timely filed with the Court, did not terminate the running of the time for appeal, and did not begin anew the running of the appeal time.

It might also he argued that because Rule 802(b) requires "[A] timely motion filed," the motion must be timely only within the meaning of Rule 923 which governs the motion and, thus, only timely served. However, Rule 802(a) clearly requires "The notice of appeal *shall be filed* with the [Bankruptcy Court] within 10 days of the entry of judgment or order appealed from (emphasis and insert added)." It would be an anomalous result if a notice of appeal were required to be filed with the court within 10 days of the entry of a judgment or order but a motion terminating the running of the time for the filing of that notice could be filed more than 10 days after such entry. Consequently, even if properly filed in this Court, the Application for Leave to Appeal was not filed within the time required by Rule 802 for filing a notice of appeal.

■■■ Finally, assuming arguendo that only timely service of a Rule 923 motion is required, Rule 705(b) is then apposite. Rule 705(b) provides:

(b) *Filing.* All papers after the complaint required to be served upon a party shall be filed with the court not later than the second business day following service.

It prescribes the time allowed for the filing of papers which are required to be served in an adversary proceeding. 13 *Collier on Bankruptcy*, 14th ed., ¶ 705.03[1]. The Debtors filed the motion for reconsideration eight days rather than 2 days after it was served. Hence, even if timely service of the motion for reconsideration were sufficient

under Rule 802, its filing still was not timely under Rule 705(b).

ORDERED that the Application for Leave to Appeal of Coleman American Companies, Inc., and American Properties, Inc., is dismissed.