In re Samuel G. BIALAC, Debtor.

**HARSH INVESTMENT CORPORATION
and Harsh Building Co.,
Defendants-Appellants,**

v.

**Samuel G. BIALAC, Plaintiff-Appellee.**

BAP Nos. AZ 81–1048–KLH, AZ
81–1093–KLH.

United States Bankruptcy Appellate
Panels of the Ninth Circuit.

Submitted May 22, 1981.

Decided Nov. 18, 1981.

Newman R. Porter, Arne M. Rovick, Amy R. Coy, Evans, Kitchel & Jenckes, P. C., Phoenix, Ariz., for defendants-appellants.

Gerald K. Smith and Geoffrey H. Walker, Lewis & Roca, Phoenix, Ariz., for plaintiff-appellee.

OPINION

Before KATZ, LASAROW and HUGHES, Bankruptcy Judges.

KATZ, Bankruptcy Judge:

The appeals herein are but a few pages in what has become a litigation soap opera. For the past fourteen years Samuel Bialac, Harsh Investment Corporation and Harsh Building Co. have been involved in litigation which has taken them through the Arizona State Court trial system, the state

appellate process, the Federal Bankruptcy courts, the Bankruptcy Appellate Panel and the Ninth Circuit Court of Appeals.

The litigation herein evolved out of the sale of an apartment building in 1965. On November 19, 1980, a Maricopa County Superior Court judgment against the debtor and in favor of Harsh Investment Corporation became final. On November 24, 1980, Harsh Investment Corporation assigned certain of its rights under the judgment to its wholly owned subsidiary, Harsh Building Company. As a result of the assignment the debtor currently owes Harsh Investment Corporation $740,000 on the judgment and owes Harsh Building Company $23,000.

As part of the judgment Harsh Investment Corporation holds a perfected security interest in what has come to be known as the "surplus cash note." The original note was executed by Harsh Building Company in 1966. The note, in the principal amount of $1,989,800, bears interest at 7% per annum and is due and payable to Rental Corporation of America in full on July 1, 2007. The debtor owns a one-third interest in Rental Corporation of America, however, the entire note secures the judgment owed to Harsh Investment Corporation. Additional security for the judgment was evidenced by a security interest in a $300,000 cash fund set up by the parties pending the outcome of the state court litigation.

On December 2, 1980 the debtor filed a petition for reorganization under Chapter 11 of the Code. Shortly thereafter, on January 12, 1981, Harsh Investment Corporation and Harsh Building Company filed a complaint for relief from the automatic stay (11 U.S.C. § 362(d)). On February 28, 1981, the court granted relief from the stay [1] to allow foreclosure on the two items securing the judgment. On March 4, 1981, the debtor filed an appeal from the first order with this panel.

Pending the hearing on appeal the debtor sought and was refused stays of that order from the trial court, the Bankruptcy Appellate Panel and the Ninth Circuit Court of Appeals. While no stay was in effect Harsh Investment Corporation recovered $300,000 from the bank fund and noticed a sale of the "surplus cash note" for April 24, 1981.

Prior to the expected sale the debtor filed a new adversary proceeding which was assigned to Judge Maggiore. The new action sought a temporary restraining order or an injunction to prevent the sale of the note. After a hearing on April 21, 1981, the judge granted the application for injunction [2] under the authority of the All Writs Statute (28 U.S.C. § 1651). Harsh Investment Corporation and Harsh Investment Corp. immediately appealed this decision. The two appeals were subsequently consolidated for hearing and will be disposed of herein.

I

## APPEAL FROM THE SECOND ORDER

The record of the proceeding below demonstrates that at the time the second order was issued, the court sought to test the power of a bankruptcy judge to invoke All Writs Statute powers pending appeal. The court was concerned about that very special circumstance where the debtor discovers new facts moments before a foreclosure or sale which substantially increases the value of the subject property to the estate.[3] He believed that a bankruptcy judge has continuing jurisdiction to protect the estate by enjoining or voiding the pending action.

The applicants argue that the order should be reversed on the grounds that the lower court lacked jurisdiction to make the order and abused its discretion in granting the injunction. This panel believes that the lower court did lack jurisdiction.

---

1. This order will be referred to herein as "the first order."

2. This order will be referred to herein as "the second order."

3. Judge Maggiore harkened to an imaginary situation where the debtor was about to lose what appeared to be a worthless piece of desert, however, at the last minute oil is discovered on the property and now the property is worth enough to pay off all the creditors.

It is a well established rule that a properly filed notice of appeal immediately acts to transfer jurisdiction from the trial court to the court of appeals with regard to any matters involved in the appeal, and divests the lower court of jurisdiction to proceed further with such matters. *See In re Thorp*, 655 F.2d 997 (9th Cir. 1981); *Janousek v. Doyle*, 313 F.2d 916 (8th Cir. 1963); *Phelan v. Taitano*, 233 F.2d 117 (9th Cir. 1956); *Hunter-Douglas Corp. v. Lando Products*, 235 F.2d 631 (9th Cir. 1956); 9 Moore's Federal Practice and Procedure ¶ 203.11 (Matthew Bender 1981).

In the present case the first order contained specific findings as to the value of the note and whether it was necessary to a reorganization. The hearing in relation to the second order involved the same issues as were presented at the trial for relief from stay. The only difference was that counsel was attempting to develop further the issue pertaining to the necessity of the note to an effective reorganization. Where the new action for an injunction is little more than a poorly disguised effort to relitigate an earlier motion for stay of judgment which is on appeal, the lower court does not have jurisdiction over the subject matter of the appeal. *See State of New York v. Nuclear Reg. Com'n*, 550 F.2d 745, 758 (2d Cir. 1977); *Petrol Stops Northwest v. Continental Oil Co.*, 647 F.2d 1005, 1010 (9th Cir. 1981).

Here the second action was little more than a motion for reconsideration of the first order. Where such is the case the application should proceed by a request to the trial court whether it would entertain a motion to reconsider "new facts" if there is a remand or whether it would grant a motion to reconsider if there is a remand. *See Crateo Inc. v. Intermark, Inc.*, 536 F.2d 862 (9th Cir. 1976); *cert. denied* 429 U.S. 896, 97 S.Ct. 259, 50 L.Ed.2d 180; *Smith v. Lujan*, 588 F.2d 1304 (9th Cir. 1979); *Creamette Co. v. Merlino*, 289 F.2d 569 (9th Cir. 1961). Accordingly, the second order is vacated.

II

## APPEAL FROM THE FIRST ORDER

Under Section 362(d) (11 U.S.C. § 362(d)) the court may terminate, annul, modify or condition the automatic stay if the debtor does not have equity in the property and such property is not necessary to an effective reorganization. In the action below the court found that the debtor did not have equity in the note. This finding was based upon expert testimony presented at the final hearing. The judge also found that the note was not necessary to an effective reorganization. This finding was based on the debtor's failure to present evidence or persuasive argument on the issue. Once the moving party has demonstrated that there is no equity in the property the burden of showing the necessity of the property to an effective reorganization shifts to the debtor. 11 U.S.C. § 362(g).

On the record below this panel finds that the trial court rendered the proper decision in light of the evidence presented, and that the findings made are not clearly erroneous. We therefore affirm the order granting relief from stay.