**In re FORM–EZE SYSTEMS, INC., Employer ID No. 85–0206297, Debtor.**

**Bankruptcy No. 80–00611 M A.**

United States Bankruptcy Court,
D. New Mexico.

Dec. 15, 1982.

Gerald F. Bennett, Albuquerque, N.M., for debtor.

Jerrald J. Roehl, Albuquerque, N.M., for Inryco, Inc.

Norman S. Thayer and Gail Gottlieb, Albuquerque, N.M., for Chanen Const.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter having come before the Court on the motion to dismiss appeal filed by Inryco, Inc., and the Court having reviewed said motion, the brief submitted therewith, and the response to said motion and the brief submitted therewith, the Court finds:

1. Oral argument in this matter is not necessary.

2. This Court entered its order on October 13, 1982, denying Chanen Construction Company, Inc.'s motion to set aside previous orders of this Court.

3. On October 18, 1982, Chanen Construction Company, Inc., filed its notice of appeal to the United States District Court. If, in fact, the Court's order of October 13, 1982, is found to be an interlocutory order, then pursuant to Local Rule 31(b)(4) of the Dist.Ct. of the Dist. of N.M., such "notice of appeal shall be deemed a timely and proper application for leave to appeal."

4. Once a notice of appeal is filed from an order of the bankruptcy court, the bankruptcy court is without jurisdiction to proceed with respect to the matters raised by such appeal. This lack of jurisdiction encompasses the ability to rule with respect to procedural defects with respect to such appeals. In fact, as can clearly be seen from the language of Local Rule 31(b)(4), it is the district court acting as an appellate court which is given the authority to determine whether an order is interlocutory, whether a notice of appeal is to be treated as an application for leave to appeal, and whether such application should be granted or denied. *O'Neill Production Credit Assn. v. Olson (In re Olson)*, 9 B.C.D. 435, 22 B.R. 473 (Dist.Ct.D.Neb.1982). *See also Little-*

ton *Nat'l Bank v. Coleman American Companies, Inc. (In re Coleman American Companies, Inc.),* 3 C.B.C.2d 225, 6 B.C.D. 1289, 6 B.R. 918 (Bkrtcy.D.Colo.1980); *Harsh Investment Corporation v. Bialac (In re Bialac),* 8 B.C.D. 564, 15 B.R. 901 (Bkrtcy. 9th Cir.1981).

 5. Neither the exception in Rule 801(b) nor that in Rule 805, Fed.R.Bankr.P., is applicable in this case.

It clearly follows from the above findings that not only is this Court the inappropriate forum to determine whether leave to appeal should be granted, but additionally, it is without jurisdiction to consider the motion to dismiss appeal.

An appropriate order shall enter.