**In re BUD LONG CHEVROLET, INC., Employer ID No. 85–0289624, Debtor.**

**BUD LONG CHEVROLET, INC., Plaintiff,**

**v.**

**FIRST NATIONAL BANK OF BELEN and General Motors Acceptance Corporation, Defendants.**

**Bankruptcy No. 11–83–00021 M A.**
**Adv. No. 83–0013 M.**

United States Bankruptcy Court, D. New Mexico.

Jan. 28, 1983.

John C. Wheeler, Stephen C.M. Long, Albuquerque, N.M., for plaintiff.

Terry D. Farmer, Albuquerque, N.M., for defendant First Nat. Bank.

Jerrald J. Roehl, Gregory D. Griego, Albuquerque, N.M., for Gen. Motors Acceptance Corp.

MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter is before the Court on the motion of GMAC for a stay pending appeal of the order entered by this Court on January 28, 1983. The Court finds that the considerations set out in *Hadley v. Victory Construction Co., Inc., et al. (In re Victory Construction Co., Inc.)*, 7 B.C.D. 407, 9 B.R. 570 (Bkrtcy.C.D.Cal.1981), are the appropriate considerations to determine whether the Court should grant a stay pending appeal. The considerations are:

1. Which party would be most harmed—the movant by denial of the stay or other parties by the granting of the stay;

2. Significance of issues on appeal;

3. Prospect of success on appeal; and,

4. Which side will be the least harmed by a ruling adverse to its position with respect to the stay.

It should first be noted that after the issuance of the Court's ruling, GMAC, the party requesting the stay pending appeal, moved to dismiss the proceeding for lack of subject matter jurisdiction. If a stay is not granted pending appeal, GMAC stands to lose interest, if the debtor is totally unsuccessful, in an amount in excess of $10,000.00 a month. However, this Court has provided that in the event that interest is not brought current within 30 days of the date on which the vehicles ordered returned are returned, GMAC is entitled to repossess its vehicles and to have the automatic stay lifted so as to allow it to proceed to liquidate its collateral. It should be noted at this point that GMAC has not asked this Court for relief from the automatic stay and that any proceeding seeking such relief would take approximately 30 days to be heard and decided. Thus it appears that GMAC would not suffer any additional harm by the denial of a stay pending appeal.

On the other hand, it has been represented that if the debtor does not obtain possession of the vehicles within a relatively short period of time, any chance of a successful reorganization would be greatly diminished if not made totally impossible.

The possible issues on appeal appear to be two: (a) the factual question of whether or not GMAC is adequately protected and (b) whether or not this Court can determine what it considers to be adequate protection and authorize turnover subject to the debtor's compliance with that determination. Neither of these issues appear to be significant to this Court.

While it is somewhat strange for this Court to make a determination of the likelihood of success on appeal (that is, in many cases a finding of likelihood of success on appeal would seemingly be an admission by the judge that his decision in the first instance was incorrect), based on the information before it, this Court must find that GMAC has little, if any, likelihood of success on appeal.

It is abundantly clear that GMAC would be least harmed by a denial of the stay and for that reason this Court will deny GMAC's motion for a stay pending appeal.

To the extent necessary, this Court grants GMAC leave to appeal from this interlocutory order. *See In re Form-Eze Systems, Inc.,* 25 B.R. 590 (Bkrtcy.D.N.M. 1982).

An appropriate order shall enter.