In re Daniel H. OVERMYER, Debtor.

The FIRST NATIONAL BANK OF BOSTON and D. H. Overmyer Telecasting Company, Inc., Plaintiffs-Movants,

v.

Daniel H. OVERMYER, Defendant-Respondent.

Bankruptcy No. 82B20329. No. 83 Adv. 6041.

United States Bankruptcy Court, S.D. New York.

Oct. 25, 1985.

Reich and Reich, White Plains, N.Y., for Daniel H. Overmyer.

Weil, Gotshal & Manges, New York City, for The First Nat. Bank of Boston.

Parks, Eisele, Bates & Wilsman, Cleveland, Ohio, for D. H. Overmyer Telecasting Co., Inc.

Harvey S. Barr, Spring Valley, N.Y., Trustee.

### DECISION ON MOTION FOR AN ORDER AMENDING ORDER DATED JULY 25, 1985 and DECISION DATED JUNE 19, 1985

HOWARD SCHWARTZBERG, Bankruptcy Judge.

A Chapter 7 debtor, Daniel H. Overmyer, has moved to amend this court's decision dated June 19, 1985 and related order dated July 25, 1985 (the "decision and order"), which granted partial summary judgment against him with respect to the complaint filed by The First National Bank of Boston ("FNBB") and D. H. Overmyer Telecasting Co., Inc. ("Telecasting"). In *First National Bank of Boston and D.H. Overmyer Telecasting Co., Inc. v. Daniel H. Overmyer (In re Overmyer)*, 52 B.R. 111 (Bankr.S.D.N.Y.1985), this court held that the debtor's obligations to FNBB and Telecasting were nondischargeable pursuant to 11 U.S.C. § 523(a)(4) and (6) because the debtor was collaterally estopped from contesting the findings of fact in two earlier decisions in the Bankruptcy Courts in the Northern District of Ohio and in the Southern District of New York.

FNBB has also moved to amend the court's decision and order so as to apply the doctrine of collateral estoppel to counts 18 and 20 of the previously filed amended complaint which seeks a determination that the debtor's obligations were nondischargeable because of fraud or defalcation in a fiduciary capacity and embezzlement as proscribed under 11 U.S.C. § 523(a)(4). FNBB states in its moving papers that this court granted partial summary judgment "but only to the extent of $18,111,997.59 plus interest from May 28, 1982, and ... denied the remainder of the Motion with regard to the FNBB claim."

The debtor's motion, originally filed on August 5, 1985, and which was adjourned from time to time until it was heard on October 11, 1985, also requests this court to stay execution of its order dated July 25, 1985 pending a determination of this motion and his appeal of the July 25, 1985 order.

On August 5, 1985, the debtor filed a notice of appeal with respect to this court's order dated July 25, 1985, granting partial summary judgment to FNBB to the extent of $18,111,997.59 plus interest and $3,557,008.14 plus interest to Telecasting.

## DISCUSSION

Pursuant to 28 U.S.C. § 158(a), the district courts of the United States are invested with jurisdiction to hear appeals of the orders of bankruptcy judges. Bankruptcy Rule 8001(a) prescribes that an appeal from an order of a bankruptcy judge to a district court shall be taken by filing a notice of appeal with the clerk of the bankruptcy court within the time allowed by Bankruptcy Rule 8002.

■■■ In this case, the debtor filed a timely notice of appeal on August 5, 1985. The filing of the notice of appeal would normally divest this court of jurisdiction to proceed with respect to the matters raised by such appeal. *Bialac v. Harsh Investment Corporation (In re Bialac)*, 694 F.2d 625 (9th Cir.1982); *Crateo Inc. v. Intermark, Inc., (In re Crateo)*, 536 F.2d 862, 869 (9th Cir.1976) *cert. denied* 429 U.S. 896, 97 S.Ct. 259, 50 L.Ed.2d 180 (1976); *Matter of Eddis*, 37 B.R. 217 (E.D.Pa.1984); *Urban Development Limited, Inc. v. Hernando New York Associates (In re Urban Development Limited, Inc.)*, 42 B.R. 741 (Bankr.M. D.Fla.1984); *In re Form-Eze Systems, Inc.*, 25 B.R. 590 (Bankr.N.M.1982). The debtor argues that the bankruptcy court has a wide latitude to reconsider and amend its prior decision, so long as the case is open and no intervening rights would be disturbed by a modification or reconsideration of the court's decision. *Pfister v. Northern Illinois Finance Corp.*, 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942) *(reh. denied* 1943); *Wayne United Gas Co. v. Owens-Illinois Glass Co.*, 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557 (1937); *In re Emergency Beacon Corp.* 5 B.C.D. 372, 377 (Bankr.S.D.N.Y.1978) *aff'd* [1978–1981 Transfer Binder] Bankr.L.Rep. (CCH) ¶ 67,480 (S.D.N.Y.1980), *aff'd* 666 F.2d 754 (2d Cir.1981). However, a bankruptcy judge does not have concurrent jurisdiction with the district court over the subject matter of an appeal. Once a notice of appeal is filed "no lower court should be able to vacate or modify an order under appeal, not even a bankruptcy court attempting to eliminate the need for a particular appeal." *Matter of Combined Metals Reduction Co.*, 557 F.2d 179 at 201 (9th Cir.1977).

An exception to the rule that the filing of a notice of appeal divests a lower court of jurisdiction is to be found in Bankruptcy Rule 8002(b) patterned after Rule 4(a)(4) of the Fed.R.App.P., and which provides as follows:

(b) Effect of motion on time for appeal

If a timely motion is filed in the bankruptcy court by any party: (1) for judgment notwithstanding the verdict under Rule 9015; (2) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) *under Rule 9023 to alter or amend the judgment;* or (4) under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed. No additional fees shall be required for such filing.

(emphasis added).

■■■ In the instant case, the debtor's motion pursuant to Bankruptcy Rules 9023 and 9024 and Fed.R.Civ.P. 59 and 60 for an amendment of the decision and order was filed simultaneously with his notice of appeal on August 5, 1985. In accordance with Bankruptcy Rule 8002(b), the debtor's notice of appeal is to be given no effect until after the determination of the debtor's motion for an amendment of the court's previous decision and order, at which time another notice of appeal may be filed, if necessary. *See Griggs v. Provident Consumer Discount Company*, 459

U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). The debtor's timely motion for an amendment tolls the time for taking an appeal while the motion remains undetermined. *Clayton v. Douglas*, 670 F.2d 143 (10th Cir.1982), *cert. denied* 457 U.S. 1109, 102 S.Ct. 2911, 73 L.Ed.2d 1319 (1982); *Century Laminating, Ltd., v. Montgomery*, 595 F.2d 563 (10th Cir.1979) *cert. dismissed* 444 U.S. 987, 100 S.Ct. 516, 62 L.Ed.2d 417 (1979).

## COLLATERAL ESTOPPEL

■ The debtor disputes the application of the doctrine of collateral estoppel, or issue preclusion, to questions of fact or law that were actually litigated and necessarily decided by Bankruptcy Judge Ray in *Hadar Leasing International Co., Inc. v. D.H. Overmyer Telecasting Co., Inc. (In re D.H. Overmyer Telecasting Co., Inc.)*, 23 B.R. 823 (Bankr.N.D.Ohio 1982), aff'd, No. C82–3175 (N.D.Ohio July 11, 1984). The debtor repeats his argument that Bankruptcy Judge Ray made his findings on the basis of the preponderance of the evidence standard, whereas nondischargeable conduct under 11 U.S.C. § 523 requires proof that must be established by clear and convincing evidence. This argument was previously rejected by this court because it found that Bankruptcy Judge Ray's findings were based upon clear and convincing evidence as affirmed by the District Court on July 11, 1984. Moreover, this case does not involve the question of whether or not collateral estoppel is available in a dischargeability case to preclude relitigation of issues actually and necessarily decided in a prior state court suit. *See Clarks Delivery, Inc., v. Moultrie (In re Moultrie)*, 51 B.R. 368 (Bankr.W.D.Wash.1985). In the instant case, the issues of fraud and defalcation in a fiduciary capacity were decided by a bankruptcy court applying bankruptcy standards. In such a case the doctrine of collateral estoppel, or issue preclusion must apply, and any contentions as to erroneous standards should have been argued in the appeal of Bankruptcy Judge Ray's decision and not in this forum.

## DAMAGES

■ The debtor notes that the original loan was not tainted by fraud and therefore argues that his subsequent fraudulent conduct should not render nondischargeable amounts attributable to interest, collection expenses and attorneys' fees. However, these items arose because the debtor was found to have engaged in a fraudulent scheme to prevent FNBB from realizing upon its claim. Although the debtor's liability to FNBB originally arose out of a contractual relationship, the ultimate measure of recovery was predicated on the debtor's fraudulent conduct. The collection expenses and attorneys' fees that were included in the Ohio Bankruptcy Court's award of damages as a result of the debtor's fraudulent scheme are nondischargeable under 11 U.S.C. § 523 and may not now be challenged because the debtor is bound by the Ohio Bankruptcy Court's determination in accordance with the doctrine of collateral estoppel. *See Goldstein v. Maxwell (In re Maxwell)* 51 B.R. 244 (Bankr.S.D.Ind.1983).

## STAY PENDING DETERMINATION AND APPEAL

■ The debtor requests this court to stay execution of its order dated July 25, 1985, pending a determination of this motion and any appeal thereof. A motion for a stay pending appeal, as authorized under Bankruptcy Rule 8005, is discretionary. *Hartigan v. Pine Lake Village Apartment Co. (In re Pine Lake Village Apartment Co.)*, 21 B.R. 395, 398 (S.D.N.Y.1982). Usually four elements must be satisfied; (1) a strong showing that the appellant is likely to prevail on the merits of the appeal; (2) irreparable injury to the appellant unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest. *John P. Maguire & Co., Inc. v. Sapir (In re Candor Diamond Corp.)*, 26 B.R. 844, 847 (Bankr.S.D.N.Y.1983) (decision on remand); *In re Hotel Associates, Inc.*, 7 B.R. 130 (Bankr.E.D.Pa.1980).

■ The debtor argues that if a stay is not issued he will be left without remedy in the interim and will suffer irreparable injury through the collection efforts of the plaintiffs should he be successful on this motion or in his appeal. Apart from this conclusory statement there is no showing that the debtor has any assets that might be subject to the plaintiffs' collection efforts. Moreover, there is no basis for assuming that the plaintiffs are not financially able to return any improperly collected assets should the debtor prevail on his appeal. Additionally, the debtor has not shown that there is a strong likelihood that he will prevail on the merits of his appeal. The findings and conclusions of the Ohio Bankruptcy Court were affirmed by the District Court. That case is now on appeal to the Circuit Court of Appeals for the Sixth Circuit. As long as Bankruptcy Judge Ray's findings stand, the debtor is collaterally estopped from relitigating them in this court. Accordingly, the debtor's success on the merits does not hinge on the strength of his appeal from this court's order, but rather on the appeal now pending in the Sixth Circuit Court of Appeals from the Ohio District Court's affirmance of Bankruptcy Judge Ray's findings and conclusions.

In light of the foregoing, this court concludes that the debtor has not established that he is entitled to a stay pending appeal.

## FNBB's MOTION TO AMEND

FNBB also seeks to amend this court's decision dated July 25, 1985 and order dated June 19, 1985 so as to obtain partial summary judgment on counts 18 and 20 of the amended complaint involving embezzlement and fiduciary fraud or defalcation.

## EMBEZZLEMENT

■ FNBB contends that any debt created by embezzlement, not merely the claims of the direct victim of embezzlement, should be nondischargeable under 11 U.S.C. § 523(a)(4). This position begs the question because it assumes that FNBB has established that it holds a claim against the debtor for embezzlement of property. Included in the partial summary judgment decision by this court on June 19, 1985, was the holding that the debtor's willful misappropriation of funds from Telecasting through the Hadar Leasing International Co., Inc. was equivalent to nondischargeable embezzlement from Telecasting. Accordingly, the debtor was collaterally estopped from relitigating these facts and his liability to Telecasting for the debt arising out of such conduct was held to be nondischargeable in the context of Telecasting's motion for partial summary judgment. Bankruptcy Judge Ray did not make any finding that the debtor misappropriated any funds from FNBB. Therefore, the doctrine of collateral estoppel may not be used by FNBB for purposes of partial summary judgment. If FNBB wishes to establish that its claim against the debtor is not dischargeable because of an embezzlement of its property, FNBB will have to do so at a trial and not by way of partial summary judgment. Hence, count 20 in the amended complaint which alleges embezzlement or larceny cannot be established by FNBB on a motion for partial summary judgment.

FNBB's motion for partial summary judgment was sustained with respect to the nondischargeability of its claim against the debtor arising out of a willful and malicious injury to FNBB's property, as proscribed under 11 U.S.C. § 523(a)(6), to the extent of $18,111,997.59 plus interest, as set forth in count 22 of the amended complaint. A determination that this debt is also nondischargeable because of an alleged embezzlement will not enhance its value or ensure earlier collection.

## FIDUCIARY FRAUD OR DEFALCATION

FNBB also contends that the debtor's fraud liabilities to it should be held nondischargeable pursuant to 11 U.S.C. § 523(a)(4) because Bankruptcy Judge Ray's findings collaterally estop the debtor from contesting that the liabilities were incurred while the debtor acted in a fiduciary capacity.

■ FNBB cites several rationales for its position. First, FNBB argues that the debtor, as an officer and control person of Telecasting was a fiduciary of FNBB because FNBB was the owner of Telecasting's stock. This court's decision of June 19, 1985 found that the stock was held during the period in question as collateral and that FNBB was not the shareholder of record. *First National Bank of Boston and D.H.' Overmyer Telecasting Co., Inc. v. Daniel H. Overmyer (In re Overmyer)*, 52 B.R. at 120. The debtor did not owe an officer's fiduciary duty to a holder of collateral.

■ FNBB's next argument is that the debtor owed FNBB a fiduciary duty as an officer, director or control person of debtor-in-possession corporations of which FNBB was a creditor. It is hornbook law that an officer, director, control person or majority shareholder is a fiduciary of his or her corporation. *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1934). This fiduciary relationship may be extended to creditors of the corporation when the officer or controlling person seeks to interpose claims against the corporation to the detriment of other creditors. *Pepper v. Litton*, 308 U.S. at 308, 60 S.Ct. at 246. A trust is imposed as a result of the wrongful conduct of the fiduciary.

Historically, in order to bar the discharge in bankruptcy of liabilities incurred as the result of a fiduciary's fraud, the fiduciary relationship had to arise out of an express or technical trust rather than one implied in law. "It is not enough that by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee maleficio. He must have been a trustee before the wrong and without reference thereto." *Davis v. Aetna Acceptance Company*, 293 U.S. 328 at 333, 55 S.Ct. 151, at 153, 79 L.Ed.393 (1934); *accord Central Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510, 511 (2d Cir.1937) (per L. Hand) (limiting application of former Bankruptcy Act § 17(a)(4) to "special" or "technical" fiduciaries). The *Davis* case continues to be applicable under

the successor to § 17(a)(4) now codified at 11 U.S.C. § 523(a)(4) (1978 as amended). *Giurbino v. Cook (In re Cook)*, 38 B.R. 743, 744 (Bankr. 9th Cir.1984); *Kosik v. Hays (In re Hays)*, 31 B.R. 285 (Bankr.E.D. Tenn.1983).

Bankruptcy Judge Ray found that because of the frauds perpetrated by the debtor against FNBB a constructive trust and equitable liens should be impressed on assets controlled by the debtor. 23 B.R. at 937. Thus, the fiduciary relationship that arose stemmed directly from the debtor's conduct and not from any finding of an express trust. FNBB seeks to bootstrap on to that finding an argument that the debtor was the type of fiduciary whose obligations should be nondischargeable because he was an officer or control person of a debtor-in-possession. A debtor-in-possession is a fiduciary of its creditors. *Ford Motor Credit Company v. Weaver*, 680 F.2d 451, 461 (6th Cir.1982). FNBB, however, cites no authority for the proposition that an officer or control person of a debtor-in-possession is cloaked in the same mantle of an express trust with regard to a creditor of his or her principal. FNBB confuses liability with dischargeability. FNBB has established the debtor's liability for the debt.

In order to bar dischargeability of its claims FNBB must go beyond merely establishing liability. FNBB must satisfy the standards which establish that the debtor's obligations should not be discharged.

Bankruptcy Judge Ray did not find that the debtor was the kind of fiduciary whose discharge may be barred. Therefore, it is manifestly against the policy of the Bankruptcy Code to apply the doctrine of collateral estoppel in order to arrive at an inference which would then support a summary judgment of nondischargeability. The issue as to the debtor's alleged relationship to FNBB for purposes of nondischargeability under 11 U.S.C. § 523(a)(4) must be established at a trial after the presentation of evidence.

## CONCLUSIONS OF LAW

1. The debtor's motion to amend the court's decision and order, is denied.

2. The debtor's motion to stay execution of this court's order dated July 25, 1985, pending a determination of this motion and his appeal of such order, is denied.

3. FNBB's motion to amend the decision and order so as to apply the doctrine of collateral estoppel to counts 18 and 20 of the previously filed amended complaint involving embezzlement and fiduciary fraud or defalcation, is denied.

SUBMIT ORDER on notice.