**In re Joan CLARK and Hugh Clark, Debtors.**

**CONNECTICUT NATIONAL BANK, Plaintiff,**

v.

**Joan CLARK and Hugh Clark, Defendants.**

Bankruptcy No. 5–85–00663.
Adv. No. 5–86–0004.

United States Bankruptcy Court,
D. Connecticut.

Oct. 3, 1986.

John T. Walkley, West Haven, Conn., for plaintiff, Connecticut Nat. Bank.

Frank Sacramone, Jr., Orange, Conn., for defendants.

## MEMORANDUM OF DECISION

ALAN H.W. SHIFF, Bankruptcy Judge.

Connecticut National Bank ("CNB") has filed an amended complaint alleging, in its second count,[1] that the debtors/defendants entered into a transaction with the plaintiff under which they guaranteed a loan to Glen Food Shoppe, Inc., which was listed as a debt in their Chapter 7 petition. The plaintiff further alleges that the debtors, "as sole owners and officers of Glen Food Shoppe, Inc. acted in a fiduciary capacity with regard to Glen Food Shoppe, Inc." and in that fiduciary capacity made false and fraudulent statements to the plaintiff upon which it relied in making a loan to that corporation. As a consequence, CNB contends that the debt should be determined to be non-dischargeable under 11 U.S.C. § 523(a)(4).[2]

The debtors have moved to dismiss the second count, see Fed.R.Civ.P. 12(b)(6) and Bankr. Rule 7012, "in that it fails to state a claim for which relief can be granted under 11 U.S.C. § 523(a)(4)", since the "complaint fails to allege that the individual defendants were acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4)." In essence then, the debtors argue that although a fiduciary relationship might exist between them and their corporation, the fiduciary relationship recognized by § 523(a)(4) is between a debtor and his creditor, and no such relationship was alleged by CNB in its second count.

Although "fiduciary" is not defined in the Code, judicial decisions have limited that term in the context of § 523(a)(4) and its predecessors to express or technical trusts created by the express agreement of the parties to the relationship rather than

trusts implied by law. *In re Banister*, 737 F.2d 225, 228, *cert. denied*, 469 U.S. 1035, 105 S.Ct. 509 (1984), *citing, Chapman v. Forsyth*, 43 U.S. (2 How.) 202, 208, 11 L.Ed. 236 (1844) (construing the Bankruptcy Act of 1841); *In re Levitan*, 46 B.R. 380, 384 (Bankr.E.D.N.Y.1985); *In re Paley*, 8 B.R. 466, 469 (Bankr.E.D.N.Y.1981).

As the *Banister* court noted, "[i]n the absence of ... a contractual obligation [expressly creating a trust relationship for the creditor's benefit] we need not decide whether a trust account obligation can convert a debtor-creditor relationship into a fiduciary relationship for the purposes of ... the Act," *In re Banister, supra*, 737 F.2d at 228 n. 4; *In re Levitan, supra*, 46 B.R. at 385; *see also In re Overmyer*, 53 B.R. 952, 957 (Bankr.S.D.N.Y.1985). And where contracts include trust language imposing security obligations on the debtor, such contracts have been held to be essentially security agreements which do not impose the fiduciary relationship recognized by § 523(a)(4). *In re Levitan, supra*, 46 B.R. at 385. *See also In re Miles*, 5 B.R. 458, 460 (Bankr.E.D.Va.1980). Moreover, even where loan documents purportedly establish a fiduciary relationship between a creditor and a corporation, officers acting as guarantors of the corporate loan have not been deemed to be fiduciaries under § 523(a)(4) with respect to such third-party creditors. *Barclays American/Business Credit, Inc. v. Long*, 774 F.2d 875, 879 n. 3 (8th Cir.1985).

It is well settled that a corporate officer or control person is a fiduciary of his corporation, *Pepper v. Litton*, 308 U.S. 295, 306, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1934); *In re Overmyer, supra*, 53 B.R. at 957; *Katz Corporation v. T.H. Canty & Co., Inc.*, 168 Conn. 201, 207, 362 A.2d 975 (1975); and that the fiduciary relationship may be

---

1. The defendants' motion to dismiss the first count of the plaintiff's complaint, alleging the nondischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2), was denied on September 24, 1986.

2. 11 U.S.C. Sec. 523(a)(4) provides in pertinent part:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(4) for fraud ... while acting in a fiduciary capacity ...

extended to creditors of the corporation as a result of the wrongful conduct of the fiduciary. *See Pepper v. Litton, supra,* 308 U.S. at 308, 60 S.Ct. at 246; *John P. Maguire & Co. v. Herzog,* 421 F.2d 419, 422 (5th Cir.1970); *In re Overmyer, supra,* 53 B.R. at 957. It is equally well settled that as used in § 523(a)(4), a fiduciary relationship between a debtor and his creditor must have existed before the wrongful act that gave rise to the contested debt rather than be imposed as a consequence thereof. As the court observed in *Banister, supra,* 737 F.2d at 228, *quoting Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934), "[i]t is not enough that by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee *ex maleficio.* He must have been a trustee before the wrong and without reference thereto." *See In re Ballard,* 26 B.R. 981, 984 (Bankr.D.Conn.1983); 3 *Collier On Bankruptcy* ¶ 523.14 (15th ed. 1986). Therefore, even assuming, *arguendo,* that the debtors deceived CNB in connection with the guaranty they gave in support of the loan to their company, any status they may have as trustees *ex maleficio* would be insufficient for a determination of the nondischargeability of the resulting debt under § 523(a)(4).

As the court in *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984) stated, in establishing the standard to be applied under Fed.R.Civ.P. 12(b)(6),

> "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Moreover, in passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Fine v. City of New York,* 529 F.2d 70, 75 (2d Cir.1975).

Considering the complaint in a light most favorable to CNB, I find that CNB has failed to state a legally sufficient claim upon which relief could be granted. The debtors' motion to dismiss the second count of CNB's complaint is therefore granted, and an order may enter accordingly.