In re Leonard J. SCHIRALDI and
Michele Schiraldi, Debtors.

CUTTER REALTY GROUP, INC. and
Cutter Development Corp., Plaintiffs,

v.

Leonard J. SCHIRALDI, Defendant.

Bankruptcy No. 5–90–00120.
Adv. No. 5–90–0209.

United States Bankruptcy Court,
D. Connecticut.

July 23, 1990.

---

## MEMORANDUM AND ORDER ON MOTIONS TO DISMISS AND TO STRIKE

ALAN H.W. SHIFF, Bankruptcy Judge.

### I.

On January 24, 1990, the debtors filed a petition under chapter 7 of the Bankruptcy Code. On May 7, 1990, the plaintiffs commenced the instant adversary proceeding, seeking a determination that the debt owed to them by the defendant is nondischargeable and a money judgment against the defendant for $444,300.00. The complaint alleges that from July 1, 1986 through January 16, 1989, the defendant was employed as an officer of the plaintiff, Cutter Realty Group, Inc.;[1] that the defendant was in a position to exercise control over the plaintiffs' finances; that during that period the defendant was entitled to total compensation of $572,128.00;[2] and that the defendant caused regular salary payments and advances of $720,228.00 to be made to himself.

Count One of the complaint alleges that the $148,100.00 overpayment was the product of the defendant's fraud or defalcation while acting in a fiduciary capacity, and that the resulting debt is nondischargeable under Code § 523(a)(4).[3] Count Two alleges that the $148,100.00 overpayment was engendered by embezzlement or larceny, that pursuant to Connecticut General Statutes § 52–564[4] the plaintiffs are entitled to treble damages totalling $444,300.00, and

Frank J. Silvestri, Jr., Zeldes, Needle & Cooper, P.C., Bridgeport, Conn., for plaintiffs.

David C. Pite, DiPietro, Kantrovitz & Brownstein, New Haven, Conn., for defendant.

---

1. The complaint alleges that from July 1, 1986 through December, 1987, the defendant served as executive vice president of the plaintiff Cutter Realty Group, Inc., and from December, 1987 through January 16, 1989, as its president. The plaintiff Cutter Development Corp. is a subsidiary of Cutter Realty Group, Inc.. It is not clear from the complaint whether the defendant was an officer of Cutter Development. In any event, the defendant's motion to dismiss does not address his relationship to either plaintiff except in the context of a claim that the complaint does not allege an express or technical trust relationship with either plaintiff.

2. The complaint alleges that from July 1, 1986 through May, 1988 the defendant's yearly salary was $250,000.00, that from May, 1988 through September, 1988 it was $125,000.00, and that from September 1988 through January 16, 1989 it was $187,500.00.

3. Code § 523(a) provides:

> A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> ....
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

4. Connecticut General Statutes § 52–564 provides: "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages."

that that debt is nondischargeable under § 523(a)(4).

On May 25, 1990, the defendant filed the instant motion to dismiss under Rule 12(b)(6) Fed.R.Civ.P. He argues that the term "fiduciary capacity" as used in § 523(a)(4) refers only to relationships arising out of technical, express, and statutorily imposed trusts and that the plaintiffs have failed to allege that the defendant owed them such a duty. The plaintiffs respond that a corporate officer is a fiduciary of the corporation within the meaning of § 523(a)(4).

On May 25 the defendant also filed the instant motion to strike under Rule 12(f) Fed.R.Civ.P., arguing that Count Two, ¶¶ 4 and 15 and a portion of the prayer for relief are "immaterial and impertinent". Paragraph 4 alleges that "[t]he defendant is indebted to the plaintiffs in the sum of $444,300 on a debt for embezzlement or larceny or both ..."; ¶ 15 alleges that "[t]he plaintiffs are entitled to recover treble damages from the defendant, pursuant to § 52–564 of the Connecticut General Statutes ..."; and the prayer for relief seeks, *inter alia,* "judgment against the defendant for $444,300, plus prejudgment interest...." The defendant contends that this court does not have jurisdiction to enter a money judgment or award treble damages in a § 523(a) action. The plaintiffs respond that upon determining the nondischargeability of the defendant's debt, this court may decide the remaining issues, such as liability and the amount of the indebtedness, and render a money judgment on the debt.

## II.

### A. *Motion to Dismiss*

■ Rule 12(b)(6), Fed.R.Civ.P., made applicable by Bankruptcy Rule 7012(b), provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted...." The "[d]ismissal of a complaint for failure to state a claim is a 'drastic step'," *Meyer v. Oppenheimer Management Corp.,* 764 F.2d 76, 80 (2d Cir.1985), and is disfavored by the courts. 2A *Moore's Federal Practice*

¶ 12.07 [2.–5], at 12–63 (2d ed. 1985). The burden of demonstrating that a complaint does not state a claim is on the moving party, and in determining whether the burden has been met, the court must assume that all factual allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party. *Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977); 2A *Moore's* ¶ 12.07 [2.–5], at 12–63. A Rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Thus, the function of a motion to dismiss is to assess the legal feasibility of the complaint. *Ryder Energy Distribution Corp. v. Merril Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984).

■ The defendant relies upon *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934), and argues that "fiduciary capacity" within the meaning of § 523(a)(4) is limited to relationships arising out of technical, express, or statutorily imposed trusts. The defendant's reliance on *Davis* is misplaced. In *Davis,* the Supreme Court held that the trust relationship must exist prior to the act which creates the debt, *i.e.,* "[i]t is not enough that, by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee *ex maleficio.*" *Davis, supra,* 293 U.S. at 333, 55 S.Ct. at 154. *See also Connecticut National Bank v. Clark (In re Clark),* 65 B.R. 306, 307 (Bankr.D.Conn.1986). The Court also limited "fiduciary capacity" under § 17(a)(4) the Bankruptcy Act of 1898 to express or technical trusts. *Davis, supra,* 293 U.S. at 333, 55 S.Ct. at 153. But in *In re Hammond,* 98 F.2d 703, 705 (2d Cir.1938), *cert. denied,* 305 U.S. 646, 59 S.Ct. 149, 83 L.Ed. 418 (1938), and *In re Bernard,* 87 F.2d 705, 706–07 (2d Cir.1937), which followed *Davis,* the Second Circuit found that corporate officers and directors were fiduciaries within the meaning of § 17(a)(4) of the Act, which essentially

tracks § 523(a)(4).[5] In order to harmonize those decisions with *Davis*, the courts in *Bakis v. Snyder (In re Snyder)*, 101 B.R. 822, 833–35 (Bankr.D.Mass.1989), and *Black's Inc. v. Decker (In re Decker)*, 36 B.R. 452, 457–58 (D.N.D.1983), concluded that the relevant language in *Davis* for corporate officers is the prerequisite that the required relationship exist prior to the act which creates the debt, rather than the prerequisite that the relationship be derived from an express or technical trust. As the court in *Decker* stated:

> The Supreme Court in *Davis* was interpreting section 17 of the former Bankruptcy Act, which excepted from discharge liabilities created by fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity.... Thus, when the Court interpreted the meaning of the term "fiduciary capacity" to require a technical or express trust, rather than a trust implied from a contract, the Court did not mean to say that an officer of a corporation was not a fiduciary.

*In re Decker, supra*, 36 B.R. at 457–58. I agree with that analysis and conclude that the fiduciary relationship required by § 523(a)(4) includes the relationship between a corporate officer and the corporation. *E.g., Committee of Unsecured Creditors v. Doemling (In re Specialty Plastics, Inc.)*, 113 B.R. 915, 923 (Bankr.W.D. Pa.1990); *In re Snyder, supra*, 101 B.R. at 835; *First Nat'l Bank of Boston v. Overmyer (In re Overmyer)*, 52 B.R. 111, 118 (Bankr.S.D.N.Y.1985) ("The liability of corporate officers and directors to the corporation is not dischargeable when bottomed on fiduciary fraud."); *In re Decker, supra*, 36 B.R. at 458. *But see Orem Postal Credit Union v. Twitchell (In re Twitchell)*, 91 B.R. 961, 964–67 (D. Utah 1988).

B. *Motion to Strike*

The defendant contends that this court does not have jurisdiction to award treble damages or enter a money judgment in a § 523(a) action and has filed a motion to strike those claims. Rule 12(f) Fed.R. Civ.P., made applicable by Bankruptcy Rule 7012(b), provides in part that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Apart from the observation that motions to strike are not favored, *Brokke v. Stauffer Chemical Co.*, 703 F.Supp. 215, 223 (D.Conn.1988); *Schramm v. Krischell*, 84 F.R.D. 294, 299 (D.Conn.1979), it is clear that such motions are not intended to raise substantial, disputed questions of law, such as whether this court has jurisdiction to enter a money judgment in a § 523(a) action. *Mohegan Tribe v. Connecticut*, 528 F.Supp. 1359, 1362 (D.Conn.1982) ("The presence of a substantial or seriously disputed question of law will preclude a district court from granting a motion to strike.").

### III.

For the foregoing reasons, the defendant's motion to dismiss is DENIED, the defendant's motion to strike is DENIED, and IT IS SO ORDERED.

**5.** Section 17(a) of the Bankruptcy Act provided that "[a] discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as ... (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity."