UNITED STATES of America and Scott
R. Hammond, Special Agent, Internal
Revenue Service

v.

ROGERS TRANSPORTATION,
INC., Appellant.

No. 84–5425.

United States Court of Appeals,
Third Circuit.

Argued Dec. 4, 1984.

Decided Jan. 7, 1985.

Justin P. Walder (argued), Dominic J.
Aprile, John A. Brogan, Walder, Sondak,
Berkeley & Brogan, P.A., Roseland, N.J.,
for appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen.,
Gary R. Allen, Acting Chief, Appellate Section, Michael L. Paup, Charles E. Brookhart, Thomas M. Preston (argued), Attys.,
Tax Div., U.S. Dept. of Justice, Wash-

ington, D.C., for appellee; W. Hunt Dumont, U.S. Atty., Newark, N.J., of counsel.

Before ALDISERT, Chief Judge, BECKER, Circuit Judge, and CAHN, District Judge.*

OPINION OF THE COURT

ALDISERT, Chief Judge.

We are faced with an appeal taken from a district court's order under circumstances involving a timely filing of a motion to amend or alter the judgment made under Rule 59(e), Federal Rules of Civil Procedure. The governing case is *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), in which the Rule 59(e) motion was timely filed before the filing of the notice of appeal. This case differs from *Griggs* only in that the Rule 59(e) motion was filed subsequent to the notice of appeal. We hold that this difference creates no legal distinction. Accordingly, we conclude that jurisdiction over this appeal is prohibited by Rule 4(a)(4), Federal Rules of Appellate Procedure, Rule 59(e), and the Supreme Court's holding in *Griggs*. We therefore dismiss the appeal for want of jurisdiction.

I.

On January 29, 1984, the IRS issued a summons to appellant Rogers Transportation, Inc., as part of an investigation into the tax liabilities of Richard Rogers, the company's president and sole shareholder. On June 11, the district court held a hearing on a show cause order issued as part of the summons enforcement proceedings. An attorney appeared to represent both Mr. Rogers and Rogers Transportation. The issue at this hearing was who would produce the documents requested in the summons. Everyone associated with the corporation, including Mr. Rogers, had in-

---

* Honorable Edward N. Cahn, of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

voked their fifth amendment privilege with regard to producing the documents.

The district court held a second hearing on June 25, at which the corporation was represented by its own attorney, Justin P. Walder. As a result of this hearing, on June 25 the district court issued an order requiring Walder to produce the documents on behalf of the corporation. Appellant immediately filed this appeal and this court granted a stay of the district court's order.

On July 5, the government filed a Rule 59(e) motion seeking to alter or amend the June 25 order. Having been served within 10 days, the motion was timely. Following the hearing on the government's motion, the district court issued a revised order on August 1 requiring Rogers Transportation to appoint someone to produce the documents. Appellant immediately filed an appeal from this order at No. 84–5556, as well as a petition for a writ of mandamus at No. 84–3493.

## II.

Appellant contends that it was inappropriate for the district court to consider the government's Rule 59(e) motion because this court had: (1) previously assumed jurisdiction over the appeal of the first order; (2) received and reviewed the entire record of the district court proceedings; (3) determined that appellant was likely to succeed on the merits; (4) entered specific orders following a review of briefs and of the record below; and (5) prepared a briefing schedule for final arguments on appeal. These extensive activities, appellant maintains, constitute a sufficient basis for ousting the district court of jurisdiction over the Rule 59(e) motion and permitting the appeal of the June 25 order. Because this position is contrary to both the federal rules and case law, we decline to accept appellate jurisdiction over the June 25 order. Because this issue implicates the interpretation and application of legal precepts, our review is plenary. *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir.1981).

## III.

The Federal Rules of Appellate Procedure were designed to streamline the appellate process. The Rules create an all-encompassing scheme to guide litigants along the often tortuous path of pursuing an appeal. We thus should strive to interpret the Rules in a manner designed to promote their applicability, to simplify the appeals procedure, and to free the appellant from any unnecessary complications. Litigants often seek to make much of minor variations in the factual predicates of cases and will seek to restrict precedent to its narrowest meaning. Therefore, we now write to resolve any supposed ambiguities in the case law and to offer guidance on the issue of the effect of a Rule 59(e) motion on a previously filed notice of appeal.

Rule 4(a)(4), F.R.App.P., is quite clear on the effect of a Rule 59(e) motion on a notice of appeal: "A notice of appeal filed before the disposition of a [Rule 59(e) motion] shall have no effect." Rule 4 was amended in 1979 to resolve any questions surrounding the filing of post trial motions. The Advisory Committee on Appellate Rules specifically discussed the situation before us:

> The present rule, since it provides for the "termination" of the "running" of the appeal time, is ambiguous in its application to a notice of appeal filed prior to a post trial motion filed within the 10 day limit. The amendment would make it clear that in such circumstances the appellant *should not proceed with the appeal during pendency of the motion but should file a new notice of appeal after the motion is disposed of.*

F.R.App.P. 4 advisory committee note (emphasis added).

A principal consideration behind the 1979 amendments was to prevent wasted effort by courts of appeals. The Advisory Committee feared just the scenario presented by this case—an appeal of an order that the district court later amends in response to a timely Rule 59(e) motion. As the Committee concluded:

[S]ince a notice of appeal filed before the disposition of a post trial motion, even if it were treated as valid for purposes of jurisdiction, would not embrace objections to the denial of the motion, it is obviously preferable to postpone the notice of appeal until after the motion is disposed of.

The Supreme Court expressly approved this interpretation of Rule 4(a)(4) in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). Although in *Griggs* the Court considered the effect of a notice of appeal on an already pending Rule 59(e) motion, the Court's language addressed the effect of Rule 4(a)(4) broadly enough to cover the case before us. The 1979 amendments to the appellate rules, the Court determined, deprived the courts of appeals of jurisdiction when a Rule 59(e) motion was pending in the district court. *Id.* at 60, 103 S.Ct. at 403. Citing Professor Moore's treatise with approval, the Court stated that the effect of a Rule 59 motion on a previously filed notice of appeal is that " '[t]he appeal simply self-destructs.' " *Id.* at 61, 103 S.Ct. at 403 (quoting 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 204.-12[1], p. 4–65 n. 17 (1982)). In light of this forceful language, we are loath to create artificial interpretations.

Moreover, to interpret Rule 4(a)(4) in such a manner as to permit us to take jurisdiction over the appeal of the June 25, 1984 order would only create an unnecessary and damaging conflict between Rule 4(a)(4) and Rule 59(e). Considering the effect of a F.R.Civ.P. 60(b) motion on the appealability requirements of Rule 4, we stated in *West v. Keve*, 721 F.2d 91, 96 (3d Cir.1983) (citation omitted): "Competing statutes should not, if at all possible, be interpreted so that the provisions of one will abrogate the provisions of another .... Like reasoning applies to competing rules." Rule 59(e) permits a party to serve a motion to alter or amend a judgment within ten days of the entry of judgment. Permitting a notice of appeal to be effective before the ten day period had run would emasculate Rule 59(e). A party would have no guarantee that he could use the full ten days to serve his motion. The time limit for seeking to amend or alter a judgment—and thus obviate the necessity of an appeal—would be controlled by the happenstance of his opponent's filing of a notice of appeal. We will not permit this.

## IV.

We will dismiss this appeal for lack of appellate jurisdiction.