**In re BRANDT–AIRFLEX CORPORATION, Debtor.**

**BRANDT–AIRFLEX CORPORATION, Plaintiff-Appellee,**

v.

**LONG ISLAND TRUST COMPANY, N.A., and New York State Tax Commission, Defendant-Appellants,**

and

**United States of America, Defendant.**

**No. 87 CV 586.**

United States District Court, E.D. New York.

April 10, 1987.

Lester A. Lazarus by Randy M. Kornfeld, New York City, for debtor.

Cullen & Dykman by C. Gayden Wren, Garden City, N.Y., for Long Island Trust Co.

Robert K. Drinan, Asst. Atty. Gen., State of N.Y., Mineola, N.Y., for New York State Tax Com'n.

Bridget M. Rowan, Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

Otterbourg, Steindler, Houston & Rosen by Jonathan N. Helfat, New York City, for Creditors Committee.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This bankruptcy appeal involves the complex interaction between appellate jurisdiction and post-judgment motions filed in the court of original jurisdiction.

Debtor commenced the underlying adversary proceeding in the United States Bankruptcy Court for the Eastern District of New York to obtain a determination of its employment tax liability and the employment tax liability of Long Island Trust Company ("LITC"), which allegedly financed debtor's payroll through an overdraft financing arrangement. *See* I.R.C. § 3505(a), (b), and (c) (1985). The defendants moved to dismiss the proceeding pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy ("Bankruptcy Rule"). By order dated January 20, 1987, Bankruptcy Judge C. Albert Parente converted defendants' motions on the pleadings into motions for summary judgment pursuant to Bankruptcy Rule 7056 and directed the parties to submit any additional, relevant material. By decision dated February 6, 1987, Judge Parente denied defendants' motions to dismiss and declared LITC liable for debtor's accrued employment taxes. Thereafter, there followed a flurry of activity in the Bankruptcy Court.

On February 13, 1987, LITC filed a notice of appeal from the February 6th order and also filed a motion to reargue the January 20th and February 6th orders. On February 17th, the New York State Tax Commission ("NYS") also filed a notice of appeal from the February 6th order. On February 20th, the United States moved the Bankruptcy Court pursuant to Bankruptcy Rule 9023 [1] to alter or amend the judgment on the February 6th order. On March 4th, NYS also filed a Bankruptcy Rule 9023 motion. The United States and NYS were seeking a clarification as to whether the February 6th decision relieved debtor of liability for its accrued tax liability. This Court is informed that by decision dated March 30, 1987, entered on April 2, 1987, Judge Parente denied the United States' and NYS's motions. Although Judge Parente declined to alter or amend the judgment, this Court understands that he orally clarified his February 6th decision, indicating that debtor was not relieved of liability. This Court is also informed that by decision dated and entered on April 6, 1987, Judge Parente denied LITC's motion for reargument.

The United States has moved to dismiss this appeal as premature pursuant to Bankruptcy Rule 8002(b). [2] Under that rule, if *any* party timely files one of the motions listed in the rule, the time for filing a notice of appeal runs from the entry of the order disposing of the motion, rather than from the entry of the judgment at which the motion was directed, and a notice of appeal filed before the disposition of the motion has no effect. Fed.R.Bankr. 8002(b). Bankruptcy Rule 8002(b) tracks the language of Rule 4(a)(4) of the Federal Rules of Appellate Procedure ("Appellate Rule"), [3] and the motions listed in Bankruptcy Rule 8002(b) are the equivalent of the motions listed in Appellate Rule 4(a)(4).

Under Appellate Rule 4(a)(4), a notice of appeal filed before the disposition of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure ("Civil Rules") [4] has no effect. An appeal based on such a notice of appeal "simply self-destructs." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 60–61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (*quoting* 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 204.-12[1], p. 4–67 n. 17 (1982)). Because a valid notice of appeal is a jurisdictional prerequisite to appellate review, the filing of a Civil Rule 59(e) motion divests the appellate court of jurisdiction. *See id.* at 58, 103 S.Ct. at 402. The result is the same whether the motion is filed before or after the notice of appeal. *Id.* at 60–61, 103 S.Ct. at 403.

Only the motions listed in Appellate Rule 4(a)(4) affect the time for filing and validity of a notice of appeal. A motion under Civil

---

**1.** Rule 9023, Fed.R.Bankr., provides:
 Rule 59 F.R.Civ.P. applies in cases under the Code, except as provided in Rule 3008. *See* note 4, *infra,* for the text of Rule 59(e), Fed.R.Civ.P.

**2.** Rule 8002(b), Fed.R.Bankr., provides in part:
 If a timely motion is filed in the bankruptcy court by any party: ... (2) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 9023 to alter or amend the judgment; ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed. No additional fees shall be required for such filing.

**3.** Rule 4(a)(4), Fed.R.App.P., provides in part:

 (4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.

**4.** Rule 59(e), Fed.R.Civ.P., provides:
 A motion to alter or amend the judgment shall be served not later than 10 days after the entry of the judgment.

Rule 60(b),[5] for example, does not affect the finality of the judgment and therefore does not extend the time to appeal or divest the appellate court of jurisdiction. Despite the fact that the difference between making a motion under Civil Rule 59(e) or under Civil Rule 60(b) can be critical as to whether a party has properly taken an appeal, there is considerable overlap between the two motions. 11 Wright & Miller, *Federal Practice and Procedure* ¶ 2817, p. 110 (1973). Recognizing that form should not be elevated over substance, the Second Circuit Court of Appeals has held that when a post-judgment motion filed within the time permitted by Civil Rule 59(e) "calls into question the validity of the judgment" it may be treated as a motion pursuant to Civil Rule 59(e), even if the movant relied upon Civil Rule 60(b). *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir.1982) (*quoting Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir.1978)).

This Court believes that the same approach to appellate jurisdiction should be taken under the bankruptcy rules as under the parallel rules of civil and appellate procedure. The motions listed in Bankruptcy Rule 8002(b) include a motion to alter or amend the judgment under Bankruptcy Rule 9023, which incorporates Civil Rule 59(e), and a motion to make additional findings of fact under Bankruptcy Rule 7052, which incorporates Civil Rule 52(b).[6] Under Bankruptcy Rule 8002(b), as under the rules of appellate procedure, only the listed motions affect the time to appeal and the validity of a notice of appeal.

In the present case, LITC's February 13th motion was filed more than ten days after the January 20th decision, which is beyond the period provided in Bankruptcy Rule 9023. Therefore, we may not treat that portion of the motion addressed to the January 20th order as a Bankruptcy Rule 9023 motion even if it raised grounds properly presented in such a motion. *See Lyell Theatre Corp.*, 582 F.2d at 41. The portion of the motion directed at the February 6th order was, however, filed within ten days of that order. Although that portion of the motion contains explicit reference to and language from Civil Rule 60(b), it also raises grounds running to the substance of the decision rather than just to the technical or jurisdictional defects contemplated by Civil Rule 60(b). In particular, LITC argues that the Bankruptcy Court erred in granting summary judgment before LITC's time to answer the complaint had expired, that the proof the Bankruptcy Court relied upon was improper, and that material issues of fact precluded summary judgment. The essence of the relief requested was reconsideration and the making of additional findings of fact. *See Lyell Theatre Corp.*, 582 F.2d at 41. Whatever the ultimate merits of the arguments, they ran to the correctness of the February 6th decision. Accordingly, that portion of LITC's motion addressed to the February 6th decision and not relying on arguments of mistake, inadvertence, surprise, or excusable neglect should be treated as a motion pursuant to Bankruptcy Rule 9023.

Therefore, LITC's motion filed on February 13th deprived this Court of any appellate jurisdiction it had based on a previously filed notice of appeal or would have had based on a notice of appeal filed before disposition of the motion. The Bankruptcy Court alone retained jurisdiction over the case. *See In re Overmyer*, 53 B.R. 952, 954–55 (Bankr.S.D.N.Y.1985). The notices of appeal filed by LITC and NYS on February 13th and 17th respectively are ineffective, and the time to file a new notice of

---

**5.** Rule 60(b), Fed.R.Civ.P., provides in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; .... A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

**6.** Rule 7052, Fed.R.Bankr., provides:

Rule 52 F.R.Civ.P. applies in adversary proceedings.

Rule 52, Fed.R.Civ.P., provides in part:

Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59.

appeal was tolled until disposition of that portion of LITC's motion found to be a Bankruptcy Rule 9023 motion, above.

The motion by the United States to alter or amend the judgment pursuant to Bankruptcy Rule 9023, filed on February 20th, had the same effect on the appeal as LITC's motion. Accordingly, the time to file a new notice of appeal was tolled until the disposition of the United States' motion also. NYS's March 4th motion, although denominated a motion under Bankruptcy Rule 9023 and Civil Rule 59(e), does not appear to have been filed within the requisite time period for such a motion. Accordingly, that motion has no effect on the appeal. *See In re Coleman Enterprises,* 6 B.R. 918 (Bankr.D.Colo.1980).

This Court is aware that the foregoing produces an apparently unusual result: although the Bankruptcy Court has denied the motions, leaving the case in the same posture as before the motions were filed, a new notice of appeal is required. This Court believes, however, that the language and purpose of Bankruptcy Rule 8002(b) require the foregoing approach. The purpose of Appellate Rule 4(a)(4), and by analogy Bankruptcy Rule 8002(b), is to prevent two courts from having jurisdiction over the same issues at the same time. *Griggs,* 459 U.S. at 60, 103 S.Ct. at 403. That policy is best served by a definitive deprivation of appellate jurisdiction and requiring a definitive step to re-establish appellate jurisdiction in cases such as the present one. Furthermore, the plain language of Bankruptcy Rule 8002(b) clearly requires a new notice of appeal after disposition of one of the listed motions.

Accordingly, the present appeal is dismissed as premature pursuant to Bankruptcy Rule 8002(b) without prejudice to bringing a new appeal or appeals by filing a notice or notices of appeal within the requisite time period measured in one case from entry of the decision of the Bankruptcy Court addressing that portion of LITC's motion previously found to be a Bankruptcy Rule 9023 motion or in the other from entry of the decision of the Bankruptcy Court addressing the United States' Bankruptcy Rule 9023 motion.

SO ORDERED.