Howard T. Glassman, Leon S. Forman, Philadelphia, Pa., for Programmers.

In re GRANT BROADCASTING OF PHILADELPHIA, INC. (Jointly Administered With Grant Broadcasting System, Inc., Channel 33, Inc., Grant Broadcasting of Chicago, Inc., and Grant Broadcasting of Chicago Limited Partnership).

Nos. 87–1667, 87–1668, 87–1984, 87–3600 and 87–3851.

Bankruptcy No. 86–05614S.

United States District Court, E.D. Pennsylvania.

June 30, 1987.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is appellee Viacom International Inc.'s ("Viacom") motion pursuant to Bankruptcy Rule 8002(b) to dismiss the consolidated appeals known as Civil Action Nos. 87–1667, 87–1668 and 87–1984 (the "three consolidated appeals") for lack of appellate jurisdiction. For the

reasons stated herein, Viacom's motion to dismiss will be granted.[1]

## I. FACTS

The Order of the Bankruptcy Court approving a settlement agreement between Viacom and the Debtors herein (also appellees here) from which these three consolidated appeals were taken was entered on February 26, 1987. The three groups of appellants herein are the Secured Noteholders ("Noteholders"), the Programmers, and the Trade Creditors. The Noteholders and the Programmers filed their respective notices of appeal on February 26, 1987, and the Trade Creditors filed their notice of appeal on March 9, 1987. On March 2, 1987, the Bankruptcy Court issued an opinion explaining and supporting its February 26, 1987 Order. On March 5, 1987, the Noteholders filed in the Bankruptcy Court a motion denominated "Secured Noteholders' Motion to Modify Opinion" (hereinafter "motion to modify") seeking an Order amending certain findings in the Bankruptcy Court's March 2, 1987 Opinion. On March 9, 1987, the Bankruptcy Court entered *sua sponte* an "Order Amending Opinion" to correct four typographical errors in the March 2, 1987 Opinion. The Order Amending Opinion made no reference to, and thus did not dispose of, the Noteholders' motion to modify.

On May 15, 1987, Viacom filed the instant motion to dismiss all three appeals for lack of jurisdiction since the Noteholders' motion to modify was still undecided and pending before the Bankruptcy Court. On May 20, 1987, the Bankruptcy Court issued an Order denying the Noteholders' motion to modify. On that same day the Noteholders filed a new notice of appeal and that appeal was docketed in this court on June 15, 1987, as Civil Action No. 87–3600. The Programmers filed their new notice of appeal on May 27, 1987, and that appeal was docketed in this court on June 24, 1987, as Civil Action No. 87–3851. The Trade Creditors have not filed a new notice of appeal. The Noteholders and Programmers have also filed new statements of issues and designations of record on appeal.

Viacom asserts that this court lacks appellate jurisdiction to decide the three consolidated appeals since all three original notices of appeal were nullified when the Noteholders moved to modify the March 2, 1987 Bankruptcy Court Opinion. Although the Noteholders' motion to modify did not refer to a particular rule as the basis for the relief sought, Viacom contends that Bankruptcy Rule 7052(b), 11 U.S.C., was the only possible basis for the motion. If the motion was made pursuant to Rule 7052(b), then it nullified any preexisting notices of appeal pursuant to Rule 8002(b)(2), 11 U.S.C.

In opposition to Viacom's motion to dismiss, both the Noteholders and the Programmers argue that the Noteholders' motion to modify was not a Rule 7052(b) motion and, thus, does not fall under the purview of Rule 8002(b). The Noteholders argue that their motion was more like a Rule 9005 motion to correct harmless rather than reversible error or a Rule 9018 motion to protect against scandalous or defamatory matter in a paper filed with the court. Neither a Rule 9005 motion nor a Rule 9018 motion falls within the coverage of Rule 8002(b) and, thus, such motions do not operate to nullify a previously filed notice of appeal. Thus, the Noteholders maintain that this court retained jurisdiction over the three consolidated appeals. The court does not agree with this position.

## II. DISCUSSION

### A. The Motion To Dismiss

The issue presented by Viacom's motion to dismiss the three consolidated appeals is

---

1. By way of nostalgic and somewhat ironic comment, the court notes that the appeals known as Civil Action Nos. 87–1667 and 87–1668 were previously dismissed for different reasons by this court's Order entered March 30, 1987. That Order was later vacated by this court's Order dated April 13, 1987 (supplemented by a Memorandum Opinion dated April 24, 1987) which reinstated the appeals known as Civil Action Nos. 87–1667 and 87–1668. As a result of the instant Memorandum and Order, Civil Action Nos. 87–1667, 87–1668 and 87–1984 are dismissed and those numbers should not be included in the captions of any moving papers before this court unless a higher appellate tribunal says otherwise.

whether or not the Noteholders' motion to modify constituted a motion to amend findings of fact under Rule 7052(b) and was thus subject to Rule 8002(b). If not, then Viacom's motion to dismiss must be denied. If the Noteholders' motion to modify did constitute a motion under Rule 7052(b), then Rule 8002(b) applied and the motion nullified the three pre-existing notices of appeal in the three consolidated appeals and the three consolidated appeals simply self-destructed.

Rule 8002(b) of the Bankruptcy Rules provides in pertinent part:

> If a timely motion is filed in the bankruptcy court by any party: ... (2) under Rule 7052(b) to amend or make additional findings, whether or not an alteration of the judgment would be required if the motion is granted; ... the time for appeal for all parties shall run from the entry of the order ... granting or denying any other such motion. *A notice of appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed.* No additional fees shall be required for such filing. (Emphasis added.)

Rule 8002(b) is essentially identical to Rule 4(a)(4) of the Federal Rules of Appellate Procedure. *In re Mike,* 796 F.2d 382, 383 (11th Cir.1986); *see* Advisory Committee Note to Rule 8002(b). By virtue of Fed.R.App.P. 4(a)(4), the filing of motions to amend or make additional findings of fact pursuant to Fed.R.Civ.P. 52 or to amend a judgment pursuant to Fed.R. Civ.P. 59 nullifies a pre-existing or subsequent notice of appeal until the disposition of the motion. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982); *United States v. Rogers Transp. Inc.,* 751 F.2d 635, 636–637 (3d Cir.1985) (appeal dismissed where motion pursuant to Fed.R. Civ.P. 59(e) to amend judgment was filed ten days after notice of appeal); *In re Cobb,* 750 F.2d 477, 479 (5th Cir.1985) (notice of appeal "totally vitiated" by subsequent Rule 52 motion to amend findings of fact); *Dougherty v. Lehman,* 711 F.2d 555, 559–60 (3d Cir.1983) (dismissing under Fed.

R.App.P. 4(a)(4) (appeal filed prior to denial of pending motion for reconsideration). *See generally* 16 C. Wright, A. Miller, E. Cooper, E. Gressman *Federal Practice and Procedure* § 3950, at 256 & n. 6.9, 258 & n. 19.4 (Supp.1986) (collecting cases).

When such a nullification occurs, the appellate court is deprived of jurisdiction and the appeal must be dismissed. *Rogers Transp., supra,* 751 F.2d at 637.

The three consolidated appeals at issue here must be dismissed since they ceased to be properly before this court when the notices of appeal that generated them were nullified. On March 5, 1987, by operation of Rule 8002(b), the Noteholders' motion to modify nullified their own notice of appeal as well as the notices of appeal of the Programmers and the Trade Creditors.

An additional reason for dismissing Civil Action No. 87–1984 is because the Trade Creditors have not opposed Viacom's motion to dismiss. The Trade Creditors have not timely filed a new notice of appeal so their right to an appeal of the Bankruptcy Court's February 26, 1987 Order is lost.

### B. The Newly Filed Appeals

The Noteholders' new appeal has been docketed in this court as Civil Action No. 87–3600 and the Programmers' new appeal has been docketed in this court as Civil Action No. 87–3851. The two appeals will be consolidated. The court agrees with the suggestions of the Noteholders, the Programmers and Viacom that no additional briefs are required to decide the Noteholders' or the Programmers' appeal of the Bankruptcy Court's February 26, 1987 Order. Since there seems to be a consensus among the court and all interested parties that there is no need for new briefs to be drafted and filed, the parties can resubmit clean and properly executed copies of the briefs that they previously filed in Civil Action Nos. 87–1667 and 87–1668. The court, however, points out to the parties that Civil Action No. 87–3600 is not only an appeal from the Bankruptcy Court's February 26, 1987 Order, but also purports to be an appeal from the Bankruptcy Court's

May 20, 1987 Order which denied the Noteholders' motion to modify. Consequently, in the statement of issues on appeal the Noteholders filed in Civil Action No. 87–3600, they list some new but not very different issues. In light of that unfortunate fact, the court will allow any party who feels *compelled* to file additional submissions to do so. Oral argument on the appeals from the Bankruptcy Court's February 26, 1987 Order remains scheduled for Tuesday, July 14, 1987, at 4:00 o'clock P.M.

An appropriate Order will be entered.