Orders in accordance with this decision shall be submitted.

**In re EARLE INDUSTRIES, INC., Debtor.**

**EARLE INDUSTRIES, INC.**

v.

**C–WAY ENTERPRISES, INC. and CNA Continental Assurance Company.**

**Civ. A. No. 88–1342.**

United States District Court, E.D. Pennsylvania.

May 26, 1988.

---

## MEMORANDUM AND ORDER

CAHN, District Judge.

Appellant CNA Continental Assurance Company seeks to appeal from an order of the Bankruptcy Court, 88 B.R. 52, denying appellant's motion to reconsider an earlier order refusing to set aside a default judgment.[1]

On June 20, 1986, a default judgment was entered against the appellant in the amount of $55,617.48 for failure to answer appellee's complaint and for failure to appear at trial. On August 14, 1986, appellant filed a motion to set aside the default judgment. This motion was denied on December 8, 1986. On December 17, 1986, appellant filed, first, a notice of appeal, and second, a motion for reconsideration of the December 8 order. These pleadings were filed less than a minute apart.

At that point, the Bankruptcy Court correctly determined that it retained jurisdiction over the case and recommended that I dismiss the appeal. *See* Memorandum filed February 25, 1987. Bankruptcy Rule 8002(b) provides "[a] notice of appeal filed before the disposition of any of the above motions [including a motion to alter or amend the judgment] shall have no effect; a new notice of appeal must be filed." The Bankruptcy Court correctly determined that a motion for reconsideration, by analogy to Rule 4(a)(4) of the Federal Rules of Appellate Procedure and by virtue of Bankruptcy Rule 9023, should be treated in the same manner as the motions specifically enumerated in Rule 8002(b). Accordingly, the Bankruptcy Court retained jurisdiction over the case and I dismissed the appeal without prejudice. On November 25, 1987, the Bankruptcy Court denied appellant's motion for reconsideration and entered a final judgment pursuant to Bankruptcy Rule 7054.

The appellant filed a notice of appeal on January 29, 1988. 28 U.S.C. § 158(c) provides that "[a]n appeal ... shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." Rule 8002 requires that "[t]he notice of appeal ... be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Failure to file a notice of appeal within the 10–day appeal period creates a jurisdictional defect barring appellate review. *In re Universal Minerals, Inc.*, 755 F.2d 309, 312 (3d Cir.1985). Appellant neglected to file a notice of appeal within the 10–day period and also failed to request that the Bankruptcy Court extend the time for filing pursuant to Bankruptcy Rule 8002(c). This court, therefore, is without jurisdiction to hear the merits of this appeal.

This result is not changed by the fact that appellant styled its notice as a "Notice to Reactivate Appeal." To avoid the consequences of having filed out-of-time, appellant seeks to "reactivate" its earlier appeal of the December 8 order of the Bankruptcy Court. Rule 8002(b), however, is eminently clear: "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect; *a new notice of appeal must be filed.*" Bankr.R. 8002(b) (emphasis added); *see also In re Brandt–Airflex Corp.*, 73 B.R. 59, 62 (E.D. N.Y.1987) (notices of appeal were premature when filed before the bankruptcy court had ruled on the parties' motions to alter or amend judgment and a new notice of appeal was required to establish appellate jurisdiction). Appellant failed to file a notice of appeal within the ten days following the Bankruptcy Court's denial of its motion to reconsider, and its appeal, therefore, must be dismissed for want of jurisdiction.

An appropriate order follows.

---

1. Defendant C–Way Enterprises, Inc.'s motion to set aside the default judgment entered against it was granted by the Bankruptcy Court on November 25, 1987. Defendant C–Way Enterprises, Inc., therefore, is not an appellant in this case.