In re Sheldon GURST.

Sheldon GURST

v.

PHILADELPHIA CONSUMER
DISCOUNT COMPANY.

Bankruptcy No. 86–04726S.
Civ. A. No. 87–8351.

United States District Court,
E.D. Pennsylvania.

June 21, 1988.

Irwin Trauss, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Martin N. Ghen, Doylestown, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In this appeal from an Order of the Bankruptcy Court dated November 20, 1987, plaintiff-appellee Sheldon Gurst ("Gurst") has filed a motion pursuant to Bankruptcy Rule 8002(b) to dismiss the appeal asserting that the failure of defendant-appellant Philadelphia Consumer Discount Company ("PCDC") to file a new motion of appeal after the Bankruptcy Court's denial of Gurst's motion for reconsideration deprives this Court of jurisdiction over the appeal. For the reasons set forth below, Gurst's motion to dismiss the appeal will be granted.

The record in this case discloses that PCDC filed its notice of appeal from the Bankruptcy Court's November 20, 1987 Order on November 30, 1987. On December 9, 1987, Gurst filed a motion to reconsider pursuant to Bankruptcy Rule 9023 requesting that the Bankruptcy Court reconsider and amend its Opinion and Order of November 20, 1987. By Order dated January 13, 1988 (entered on January 14, 1988), the Bankruptcy Court denied Gurst's motion for reconsideration based upon the failure of Gurst's counsel to appear at the hearing scheduled on the motion, and on the ground

that the motion was not timely filed. No new notice of appeal was filed by PCDC after the Bankruptcy Court's Order of January 13, 1988 denying Gurst's motion for reconsideration.

Bankruptcy Rule 8002(b) provides:

(b) Effect of Motion on Time for Appeal. If a timely motion is filed by any party: (1) for judgment notwithstanding the verdict under Rule 9015; (2) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 9023 to alter or amend the judgment; or (4) under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed. No additional fees shall be required for such filing.

■ Bankruptcy Rule 8002(b) is essentially identical to Fed.R.App.P. 4(a)(4). *In re Mike*, 796 F.2d 382, 383 (11th Cir.1986); *In re Grant Broadcasting of Philadelphia, Inc.*, 76 B.R. 70, 72 (E.D.Pa.1987); *In re Brandt–Airflex Corp.*, 73 B.R. 59, 60 (E.D.N.Y.1987). Bankruptcy Rule 8002(b) tracks the language of Fed.R.App.P. 4(a)(4), and the motions listed in Bankruptcy Rule 8002(b) are the equivalent of the motions listed in Fed.R.App.P. 4(a)(4). One of the motions listed in Bankruptcy Rule 8002(b) is a Bankruptcy Rule 9023 motion to alter or amend a judgment. Bankruptcy Rule 9023 provides, in relevant part, that Fed.R.Civ.P. 59 applies in cases under the Bankruptcy Code.

Pursuant to Fed.R.App.P. 4(a)(4), the filing of a motion to alter or amend the judgment pursuant to Fed.R.App.P. 59 nullifies a pre-existing notice of appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982); *United States v. Rodgers Transportation Co.*, 751 F.2d 635, 636–37 (3d Cir.1985); *Grant Broadcasting, supra*, 76 B.R. at 72. An appeal based on such a notice of appeal "simply self-destructs." *Griggs, supra*, 459 U.S. at 60–61, 103 S.Ct. at 403. Where such a nullification occurs, the appellate court is deprived of jurisdiction and the appeal must be dismissed. *Rodgers Transportation, supra*, 751 F.2d at 637. *See also In re Bell & Beckwith*, 831 F.2d 293 (6th Cir.1987); *Grant Broadcasting, supra*. 76 B.R. at 72; *Brandt–Airflex, supra*, 73 B.R. at 60–61; *In re Crystal Sands Properties*, 84 B.R. 665, 667–68 (B.A.P. 9th Cir.1988); *In re Fargo Financial Inc.*, 71 B.R. 702, 704–05 (Bankr.N.D.Ga.1987). In fact, the only case cited by PCDC to the contrary, *In re Hudson*, 73 B.R. 649 (B.A.P. 9th Cir.1987), was overruled in *Crystal Sands, supra*, 84 B.R. at 668.

■ In its opposition to Gurst's motion to dismiss its appeal, PCDC asserts that Gurst's motion for reconsideration was not one of the motions specifically enumerated in Bankruptcy Rule 8002(b). However, Gurst's motion for reconsideration clearly states that it is a Rule 9023 motion. Furthermore, as the Third Circuit stated in *Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir.1985), "[f]or purposes of Fed.R.App.P. 4(a), the court regards a motion labeled only as a motion for reconsideration as the functional equivalent of a Rule 59 motion ... to alter or amend a judgment." (citations omitted). An identical construction should be applied to Bankruptcy Rules 8002(b) and 9023. Therefore, Gurst's motion for reconsideration must be considered to be a Bankruptcy Rule 9023 motion to alter or amend the judgment within the purview of Bankruptcy Rule 8002(b).

■ PCDC also asserts that Gurst's motion for reconsideration was not timely when filed on December 7, 1987. Bankruptcy Rule 8002(b) requires that the Rule 9023 motion be timely filed in order to trigger the requirement that a new notice of appeal be filed. As noted heretofore, the Bankruptcy Court's Order of January 13, 1988 denying Gurst's motion for reconsideration states that one of the grounds for the denial of the motion was that the motion was untimely filed. However, contrary to the Bankruptcy Court's Order,

Gurst's motion for reconsideration was filed and served within ten days of the entry of the Order of November 20, 1987 as computed in accordance with Bankruptcy Rule 9006(a), as amended effective August 2, 1987. *See also* 4A C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1162 at 460 (1987).

Therefore, applying Fed.R.App.P. 4(a)(4) and Fed.R.Civ.P. 59 and essentially identical Bankruptcy Rules 8002(b) and 9023 as interpreted by the Supreme Court in *Griggs* and in the cases cited above, it is clear that PCDC's notice of appeal must be treated as a nullity and that this Court lacks jurisdiction over the appeal. PCDC's notice of appeal was filed prior to the filing of Gurst's timely Bankruptcy Rule 9023 motion for reconsideration, and prior to the disposition of the motion for reconsideration by the Bankruptcy Court. Therefore, under the plain language of Rule 8002(b), the notice of appeal is of no effect. PCDC was required to file a new notice of appeal within ten days after the entry of the order disposing of the motion for reconsideration. Because no new notice of appeal was filed, "it is as if no notice of appeal was filed at all." *Griggs, supra,* 459 U.S. at 61, 103 S.Ct. at 403. Accordingly, for the reasons set forth above, Gurst's motion to dismiss the appeal will be granted, and the appeal dismissed for lack of jurisdiction.