**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2877
_____

UNITED STATES OF AMERICA

v.

NICHOLAS MORALES, JR.,
                                        Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-17-cv-07447)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 29, 2021

Before: KRAUSE, BIBAS and SCIRICA, Circuit Judges

(Opinion filed: December 3, 2021)
_____

OPINION*
_____

PER CURIAM

    Nicholas Morales, Jr. appeals from the District Court's order entering a judgment

against him and in favor of the Government.  For the reasons that follow, we will affirm.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

In September 2017, the Government initiated an action to reduce to judgment the federal income taxes assessed against Morales for the 2009–2015 tax years.  The Government agreed to dismiss its claims with respect to the 2009, 2011, 2012, and 2013 tax years, as Morales' federal income tax liabilities for those years were discharged through bankruptcy or otherwise.  But the Government maintained that Morales had failed to satisfy its demand for payment for the remaining tax years:  2010, 2014, and 2015.  As of September 2019, the Government determined that Morales owed approximately $200,000 in taxes, penalties, and interest for the remaining years. The Government and Morales both moved for summary judgment.  The District Court denied Morales' motion, granted the Government's motion, and ultimately entered a judgment against Morales in the amount of $187,710 as of September 14, 2020, plus interest and statutory additions accruing after that date according to law until paid in full. This appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291.[1]  We exercise plenary review over the District Court's order granting summary judgment.  See Kaucher v. County of Bucks,

_____

[1] We construe the Government's August 12, 2020 filing as a timely Rule 59(e) motion to amend or alter the District Court's July 15, 2020 judgment.  In that filing, the Government explained the basis for amending the judgment: that it had determined that some penalties had been discharged in bankruptcy and would be abated by the IRS.  It then asked for more time to allow the IRS to complete that process.  The Government's September 11 filing supplemented the Rule 59(e) motion.  Thus, regardless of whether the July 15 order was final and appealable when it was entered, the District Court retained jurisdiction to amend the judgment because the Rule 59(e) motion was timely

455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. See id. at 422–23; Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

III.

We will affirm for essentially the reasons provided by the District Court. The Government supported its claims with assessments made by a delegate of the Secretary of the Treasury. "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness[.]" United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002) (citing, inter alia, Psaty v. United States, 442 F.2d 1154, 1160 (3d Cir. 1971)). Even in cases such as this where the Government is the plaintiff, that presumption means that the taxpayer bears both the burden of production and the ultimate burden of persuasion to demonstrate by a preponderance of the evidence that the tax assessment is erroneous. See Psaty, 442 F.2d at 1160. Thus, at the summary judgment stage, the Government's production of the assessments "shifted to [Morales] the burden of going

filed. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982); United States v. Rogers Transp., Inc., 751 F.2d 635, 635 (3d Cir. 1985). And we construe Morales's December 15, 2020 brief as a timely notice of appeal from the District Court's judgment entered on October 22, 2020. See Smith v. Barry, 502 U.S. 244, 245 (1992) (holding that appellate brief may be construed as notice of appeal); Revock v. Cowpet Bay W. Condo. Ass'n, 853 F.3d 96, 104 (3d Cir. 2017) (same).

forward with evidence to show that the assessment[s]" were erroneous. Brounstein v. United States, 979 F.2d 952, 954 (3d Cir. 1992).

Morales, however, did not present any evidence that would permit a reasonable factfinder to conclude that the assessments for the 2010, 2014, or 2015 years were erroneous. Instead, Morales primarily argued that the claim for the 2010 tax year was untimely. The Government must assess taxes within 3 years after the return was filed, see 26 U.S.C. § 6501(a), and any taxes assessed must be collected by levy or court proceeding within 10 years after the assessment of the tax, see id. § 6502(a)(1). Here, the Government produced records showing that Morales filed his 2010 return on April 27, 2017. The Government assessed the income taxes for that year against Morales on July 3, 2017, within three years of receiving the return. And the Government commenced its court proceeding in the District Court on September 17, 2017, within 10 years after the assessment of the tax. Thus, the Government's claim for the 2010 tax year was timely.

Morales argued that he filed his 2010 return prior to 2017, but he did not present any evidence that would permit a reasonable factfinder to reach that conclusion. Morales' argument primarily relied on an entry in his 2010 Account Literal Transcript, which indicates "tax return secured" on June 26, 2014. But because that filing was incomplete and later marked "tax return not filed" in the Account Literal Transcript, and because Morales provided no other evidence that he filed a proper return on June 26, 2014, no reasonable factfinder could conclude that his 2010 return was filed prior to 2017. See United States v. Edelson, 604 F.2d 232, 234 (3d Cir. 1979) (explaining that a tax form that does not contain information upon which a taxpayer's liability can be

4

properly calculated does not constitute a "tax return" within the meaning of the Internal Revenue Code); see also Florsheim Bros. Drygoods Co. v. United States, 280 U.S. 453, 462 (1930) (explaining that a taxpayer's "return" must honestly and reasonably provide a statement of the "items of income, deductions, and credits" that would satisfy the requirements of the tax law).[2]

As for tax years 2014 and 2015, Morales appears to repeat on appeal the argument he made in the District Court that the IRS disallowed deductions he sought based on his financial support of his adult children.  However, he offers no specific arguments describing these proposed deductions and has submitted no documentation to support this contention.

For the above reasons, we will affirm the District Court's judgment.

---

[2]  As the District Court explained, Morales' arguments that the Government violated the automatic stay in his bankruptcy proceedings are irrelevant to the issues here, and, in any event, the bankruptcy court found that the Government had not violated the automatic stay.